1  HELANE L. MORRISON (CA Bar No. 127752)
   JOHN S. YUN (CA Bar No. 112260)
2  CAROLYN A. SAMIERE (CA Bar No. 118353)

3  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
4  44 Montgomery Street, Suite 1100
   San Francisco, California  94104
5  Telephone:  (415) 705-2500
   Telecopy:  (415) 705-2501

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

12  _____
                                     )
13  SECURITIES AND EXCHANGE COMMISSION, )   Civil Action No.
                                     )       C-02-03685-JW
14              Plaintiff,            )
                                     )   [PROPOSED] ORDER
15       vs.                         )   GRANTING PLAINTIFF
                                     )   SECURITIES AND
16  MICHAEL A. OFSTEDAHL, ROBERT D.  )   EXCHANGE
    RUTNER and WILLIAM K. KUNCZ,     )   COMMISSION'S
17                                   )   MOTION TO
              Defendants,            )   DISTRIBUTE
18  _____ )   DISGORGEMENT AND
                                         INTEREST PROCEEDS
19                                       OF DEFENDANT
                                         ROBERT D. RUTNER
20
                                         Date: Nov. 7, 2005
21                                       Time: 9:00 a.m.
                                         Judge: James Ware
22

23

24

25

26

27

28

### ORDER APPROVING DISTRIBUTION OF RUTNER PAYMENTS

1

2        Plaintiff Securities and Exchange Commission ("Commission") has filed a regularly

3   noticed motion with the Court for an order approving the distribution to investors of the $648,956.53 in

4   disgorgement and the $31,522.74 in pre-judgment interest (for a total of $680,479.27) that defendant

5   Robert D. Rutner ("Rutner") paid into the court's registry under the Final Judgment of Permanent

6   Injunction and Other Legal and Equitable Relief, as amended, that this Court entered against him in

7   December 2002. As alleged in the Commission's Complaint, Rutner acquired 1,400 Adaptec Corporation

8   call option contracts on July 6, 1999 based upon material non-public information in violation of Section

9   10(b) of the Securities Exchange Act of 1934.  His payment of $648,956.53 to the court's registry

10  represented his net profit on those 1,400 call option contracts, while his payment of $31,522.74 into the

11  court's registry represented the prejudgment interest on the disgorgement amount.

12        Section 27 of the Exchange Act gives the district courts exclusive jurisdiction over "all

13  suits in equity and actions at law brought to enforce any liability or duty created by this title or the rules

14  and regulations thereunder."  15 U.S.C. § 78aa.  That provision confers upon this Court the general

15  equitable power to remedy violations of the Exchange Act. *S.E.C. v. Manor Nursing Centers, Inc.*, 458

16  F.2d 1082, 1103 (2d Cir. 1972); *S.E.C. v. Texas Gulf Sulphur Co.*, 446 F.2d 1301, 1307 (2d Cir.), *cert.*

17  *denied*, 404 U.S. 1005, 92 S. Ct. 561, 30 L. Ed. 2d 558 (1971).  That equitable power encompasses the

18  disgorgement that was ordered in this case against Rutner. *Manor Nursing*, 458 F.2d at 1103.

19        As a corollary to ordering disgorgement, the Court may also approve a plan for the

20  distribution of the disgorgement proceeds to injured investors. *S.E.C. v. Wang*, 944 F.2d 80, 85 (2d Cir.

21  1991); *S.E.C. v. Certain Unknown Purchasers of Common Stock*, 817 F.2d 1018, 1020-21 (2d Cir. 1987).

22  The judicial standard for approving a distribution plan is very broad;  once "the district court satisfies

23  itself that the distribution of proceeds in a proposed SEC disgorgement plan is fair and reasonable, its

24  review is at an end." *Wang*, 944 F.2d at 85. *See Certain Unknown Purchasers*, 817 F.2d at 1021

25  (upholding approval of insider trading distribution plan as being fair).

26        In this case, the Commission proposes to calculate Rutner's net gain on his various call

27  option contracts or groups of call option contracts.  To the extent that it can identify and locate the contra-

28  parties on the 1,400 call option contracts that Rutner purchased on January 6, 1999, the Commission will

1   send checks to the contra-party or their broker representing Rutner's net gain for the contra-party's call

2   option contract(s) (with pre and post-judgment interest minus a small hold back to cover administrative

3   expenses).  If reasonable efforts to locate the contra-party fail, that portion of the net gain will be

4   transferred to the United States Treasury.

5      Good cause appearing, the Court finds that the Commission's proposed distribution plan

6   is reasonable.  The Clerk of the Court is therefore authorized to disburse the payments that Rutner made

7   into the court's registry in accordance with instructions received from the Commission so that the money

8   can be paid to those investors that can be located, can be used to cover administrative expenses associated

9   with the distribution, and/or transferred to the United States Treasury.

10      SO ORDERED.

11   DATED: October 25, 2005

12

13      JAMES WARE, JUDGE
   United States District Court

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Propose Order re: Distribution
C-02-03685-JW